**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAIM ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>BECKY SCOTT, et al.,<br><br>    Defendants. | Civil Action No. 24-9990 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1). Also before the Court is Petitioner's motion seeking appointed counsel. (ECF No. 2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice and his motion shall be denied as such.

**I.    BACKGROUND**

Plaintiff is a pre-trial detainee currently awaiting trial on federal charges in the Hudson County Correctional Facility. (ECF No. 1 at 1-3.) In his complaint, he alleges that officers in the

jail on two occasions lost his flash drives, which contained legal work and documents, and could not find them. (*Id.* at 4-5.) Plaintiff therefore seeks to hold the officer in question and her supervisor, who he alleges failed to punish the officer for misplacing the drive and did not thereafter find it, liable under federal civil rights law. (*Id.*)

## II.   LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

2

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff alleges that Defendants should be held liable to him for misplacing a flash drive containing legal work and documents, presumably related to his ongoing criminal charges. Plaintiff admits, however, that these drives were merely lost by the officer responsible for keeping them. "[W]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds, Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey provides a meaningful post-deprivation remedy in the form of the New Jersey Tort Claims Act. *Id.* Because Plaintiff can seek redress for his lost property by employees of a

New Jersey jail through the Tort Claims Act, his complaint fails to state a claim for relief to the extent he alleges he has been deprived of his property.

Arguably, Plaintiff could also be alleging a claim for interference to his access to the courts insomuch as he contends the flash drives contained legal materials he needs to pursue his defense. A prisoner seeking to allege a denial of access to the courts based on the loss of his legal paperwork or property, however, must allege that he suffered an actual injury – i.e., that he lost an arguable claim for relief as a result of the alleged deprivation. *Thompson v. Ferguson*, 849 F. App'x 33, 35 (3d Cir. 2021). This will generally require an explanation as to what the documents in question were, how they were relevant to ongoing legal materials, and allegations of a colorable motion, claim, or defense lost a result of the deprivation of those materials. *Id.* As Plaintiff does not identify the documents that were on the drive, nor their relevance to his criminal proceedings, and does not allege any clear claim or defense lost as a result of their deprivation, he has failed to state a claim for relief for denial of access to the courts, and that claim, too, must be dismissed. Plaintiff's complaint will therefore be dismissed without prejudice in its entirety as a result. Because Plaintiff's complaint will be dismissed and claims of at least arguable merit are a prerequisite for the granting of appointed counsel, *see, e.g., Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), Plaintiff's motion seeking appointed counsel (ECF No. 2) is also denied without prejudice.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**; Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge